UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                                    CRIMINAL NO. 3:20-CR-78-KHJ-FKB

MARCELL ANDERSON

ORDER

Before the Court is Defendant Marcell Anderson's Motion to Suppress [42]. For the following reasons, the Court denies the motion.

I.     Background

Anderson began working as a detention officer at the Hinds County Detention Center ("Detention Center") in December 2017. [49]. As part of his job, the Hinds County Sheriff's Office required him to sign a waiver consenting to searches of his person and personal property before entering county facilities or property. [49-1].

The Detention Center also posted signs at the entrance of its facility conveying that entry onto the grounds constituted consent to a search of the person, vehicle, and personal property. [49-2]. Those signs also referenced the Sheriff's Office's systematic search policy and a series of Mississippi statutes relating to the policy. *Id.*; Miss. Code Ann. § 47-5-191 *et seq.* That policy applied to all detention staff and became effective before Anderson's start date. [49-3].

On August 19, 2018, an anonymous tipster told Hinds County Investigator Nick Brown that two Detention Center deputies planned to bring narcotics and

contraband into work that day. [42]; [49] at 2. The tipster identified the deputies as Defendant Anderson and Shuntavia Lee. *Id.* Brown and Investigator Keith Burnett went to the Detention Center after receiving that information. [49] at 2.

Both Anderson and Lee arrived late for work. [42]; [49] at 2. Lee entered first, and the investigators searched her but found no narcotics or contraband. *Id.* Anderson attempted to leave the facility, saying he still had his cell phone, but Burnett stopped him. [49] at 2. Burnett patted Anderson down and found a hard mass in his groin area. *Id.* Burnett asked Anderson to remove his pants, but Anderson refused. *Id.*

The investigators then took Anderson into custody. [42] at 1-2; [49] at 2. After detaining him, the investigators removed his pants. [42] at 2; [49] at 2. They found an electrical-taped bundle containing marijuana, methamphetamine, suspected "spice," Xanax, rolling papers, and two lighters. [49] at 2.

The same day, investigators read Anderson his *Miranda* rights and interviewed him. *Id.* Anderson gave two separate statements to law enforcement – one that day, and another four days later. *Id.* In those statements, he confessed he brought narcotics and contraband in and consented to a search of his cell phone. *Id.*

On November 6, 2019, a grand jury indicted Marcell Anderson on one count of possession with intent to distribute five grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Anderson filed this Motion to Suppress [42], arguing the tip was insufficient to give the investigators probable cause for a warrantless search and seizure of his person. He asks the Court to

suppress the narcotics and contraband the investigators found on him and his two statements. He also requests a suppression hearing.

II.    Standard

The Fourth Amendment protects "persons, houses, papers, and effects, against unreasonable searches and seizures[.]" U.S. Const. amend. IV. Generally, a search or seizure is "reasonable" only if the government previously obtained a warrant based on probable cause. *Id.* If the government collects evidence in violation of the Fourth Amendment, the exclusionary rule generally suppresses that evidence to deter future law enforcement misconduct. *United States v. Ganzer*, 922 F.3d 579, 584 (5th Cir. 2019) (citing *Davis v. United States*, 564 U.S. 229, 231 (2011)). And if the government obtains further evidence derived from that violation, the Court may also exclude that evidence under the "fruit of the poisonous tree" doctrine. *United States v. Rivas*, 157 F.3d 364, 368 (5th Cir. 1998) (citing *Wong Sun v. United States*, 371 U.S. 471, 484 (1963)). The proponent of a motion to suppress bears the burden of proving a violation by a preponderance of the evidence. *United States v. Iraheta*, 764 F.3d 455, 460 (5th Cir. 2014).

"This Court generally decides motions in criminal cases without an evidentiary hearing." *United States v. Randall*, 3:15-CR-75, 2016 WL 7177708, at *2 (S.D. Miss. Dec. 8, 2016) (citing L.U. Crim. R. 47(F)(1)). But it may order such a hearing "upon written request… regarding the *need* for a hearing." *Id.* (quoting L.U. Crim. R. 47(F)(1)).

3

III.   Analysis

A. The Physical Evidence

Anderson argues investigators illegally seized him without a warrant and asks the Court to suppress evidence obtained from the subsequent search of his person as "fruit of the poisonous tree." The Government argues Anderson consented to the search through both his employment waiver and the Detention Center entry policy.

Warrantless searches are "per se unreasonable" unless an exception applies. *United States v. Avila-Hernandez*, 672 F. App'x 378, 381 (5th Cir. 2016) (per curiam) (citation omitted). One exception to both the warrant and probable cause requirements is "a search conducted pursuant to a valid consent." *Id.* (quoting *Schneckloth v. Bustamonte*, 412 U.S. 218, 222 (1973)). Though Anderson bears the burden of proving a Fourth Amendment violation, the Government must prove Anderson's voluntary consent. *Id.* (citing *Bumper v. North Carolina*, 391 U.S. 543, 548 (1968)). The Government must show "(1) effective consent (2) given voluntarily (3) by a party with actual or apparent authority." *Id.* (citation omitted).

The parties do not dispute that investigators Brown and Burnett searched Anderson without a warrant. But the Government provides three exhibits to establish Anderson's consent to searches: (1) the waiver Anderson signed as a prerequisite to his employment [49-1], (2) the Detention Center's policy establishing systematic searches for contraband [49-3], and (3) signs outside the facility reminding entrants of that policy [49-2]. Anderson does not deny that his executed

waiver subjected him to searches upon entry to the facility. [53] at 2. That waiver expressly states he consents to searches of himself and any personal property in his possession before entry. [49-1]. And the signs outside the facility reminded him daily that he consented to search pursuant to the Detention Center's policy on systematic searches. [49-2].

Anderson argues investigators seized him without a warrant when he attempted to leave as if that attempt could withdraw his consent to the search. The Fifth Circuit has rejected a similar argument under almost identical circumstances. *See United States v. Alfaro*, 935 F.2d 64, 67 (5th Cir. 1991).

In *Alfaro*, a private jail company required employees to agree to a search policy like the one in this case. *Id.* at 65. The administrator received a tip that Alfaro, one of the employees, brought drugs into the facility. *Id.* When Alfaro entered the facility one day, the guards told him they were invoking the policy and asked him "to take the wall." *Id.* Alfaro told them he "ha[d] to go outside and talk to [a lieutenant]" and tried to leave, but the guards blocked his exit and again asked him to "get against the wall." *Id.* Alfaro submitted to the search, and the guards found marijuana on him. *Id.* at 65-66. The Fifth Circuit rejected Alfaro's argument that his attempt to leave constituted withdrawal of his consent to search. *Id.* at 67. The Fifth Circuit noted that when an employee agrees to let his employer search him as a condition of employment, his ability to freely withdraw his consent without resigning is questionable. *Id.*

5

Anderson reframes the argument by asserting the investigators seized him when they stopped him from leaving and patted him down. But his circumstances are identical to Alfaro's: he agreed to the Detention Center's search policy as part of his employment; investigators heard a tip that he brought in narcotics and contraband; they searched him when he entered the facility for work; and he attempted to leave. The only difference is Anderson told investigators he had his cell phone on him rather than stating he needed to talk to someone. None of Anderson's challenges show that he withdrew his consent to the search.

The investigators did not violate Anderson's Fourth Amendment rights because the search was reasonable. Anderson's consent sufficiently excused both the warrant and probable cause requirements. *Avila-Hernandez*, 672 F. App'x at 381 (citing *Schneckloth*, 412 U.S. at 219). Accordingly, the Court need not address whether investigators lacked probable cause or whether the "special needs of the workplace" search exception applies.

B.  Anderson's Statements

Anderson also argues the Court should exclude any statements he made after the search as "fruit of the poisonous tree." The Government argues the search does not implicate that doctrine.[1] If the government obtains evidence derived from an illegal search or seizure, the Court may exclude that evidence under the "fruit of the poisonous tree" doctrine. *Rivas*, 157 F.3d at 368 (citing *Wong Sun v. United States*,

---

[1] The Government also argues Anderson waived his *Miranda* rights under the Fifth Amendment, but Anderson does not raise that issue.

371 U.S. at 484). But there was no illegal search or seizure here. The Government is correct that the doctrine does not apply, and the Court need not exclude the statements.

    C.  Evidentiary Hearing

Anderson requested an evidentiary hearing on this Motion to Suppress. The Government argues such a hearing is not required. The Court need not grant an evidentiary hearing as a matter of course but "only when necessary to receive evidence on an issue of fact." *United States v. Harrelson*, 705 F.2d 733, 737 (5th Cir. 1983). "General or conclusionary assertions [based on] suspicion or conjecture will not suffice." *Id.* at 737-38. The Court has broad discretion to grant or deny a hearing. *United States v. Moore*, No. 94-50133,1994 WL 612393, at *1 (5th Cir. Oct. 21, 1994) (per curiam) (reviewing denial of hearing on motion to suppress for abuse of discretion).

Anderson's arguments raise questions of law rather than issues of fact. He does not deny that he signed the waiver [49-1] or knew about the systematic search policy [49-3]. He argues only that the search was unreasonable in violation of the Fourth Amendment and any evidence the Government obtained is fruit of the poisonous tree. The Court does not need to "receive evidence" on those questions. It does not need evidence to decide that he consented to the search or that the fruit-of-the-poisonous-tree doctrine does not apply.

The Court has denied hearings on motions to suppress in similar circumstances. *See United States v. Alfaro*, 3:14-CR-97, 2014 WL 12670487, at *1

(S.D. Miss. Dec. 4, 2014) (denying hearing where no factual dispute involved in whether defendant consented to a search), *aff'd* 638 F. App'x 374 (5th Cir. 2016) (per curiam); *United States v. Ritchey*, No. 1:21-CR-6, 2022 WL 2980698, at *10 (S.D. Miss. July 27, 2022) (denying hearing where no factual dispute involved in whether recordings violated defendant's Sixth Amendment right). The Court similarly denies Anderson's request for a hearing as its decision on this motion involves no factual dispute.

IV. Conclusion

The Court has considered all arguments. Those it does not address would not have changed the outcome. For the reasons stated, the Court DENIES Defendant Marcell Anderson's Motion to Suppress [42].

SO ORDERED AND ADJUDGED, this the 11th day of October, 2022

s/ *Kristi H. Johnson*<br>UNITED STATES DISTRICT JUDGE