UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.  CRIMINAL NO. 3:20-CR-78-KHJ-FKB

MARCELL ANDERSON

ORDER

Before the Court is the Government's Motion in Limine [39]. For the following reasons, the Court denies the motion.

I. Background

Defendant Marcell Anderson worked as a detention officer at the Hinds County Detention Center ("Detention Center"). The Government alleges he attempted to give an inmate at the Detention Center methamphetamine and other items.[1] [39]. After the alleged attempt, Anderson made two statements, the first in an interview immediately following the alleged attempt and the second four days later. *Id.* at 1-2.

In the first statement, Anderson confessed he brought in the methamphetamine and other items upon request of an inmate he knew before the inmate's incarceration. *Id.* at 1. He categorized the attempt as a favor to the inmate. *Id.* During the interview, Anderson consented to law enforcement searching his cell phone for messages. *Id.* at 1-2. Law enforcement searched the cell phone for

---

[1] Two bags of methamphetamine, six bags of marijuana, three bags of spice, approximately 10 Xanax pills, 20 cigarettes, two lighters, and assorted rolling papers. [39] at 1, n.1.

messages between Anderson and the inmate and between Anderson and the inmate's free-world drug supplier. *Id.* at 2.

Anderson's second statement included different information. He told officers he brought in the contraband because the inmate threatened him. [39] at 2. He said the inmate asked him three times to pick up a package on the outside to bring to him, and that, on the third time, the inmate said he knew what car Anderson drove and could have him followed. *Id.* Anderson told law enforcement he felt threatened because the inmate was affiliated with the Vice Lords and had a cell phone. *Id.*

A Grand Jury subsequently indicted Anderson on one count of possession with intent to distribute five grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). *Id.* at 1. His jury trial is scheduled for January 3, 2023. The Government filed this Motion in Limine [39] asking the Court to exclude (1) evidence that Anderson acted under duress when bringing in narcotics and contraband and (2) "evidence of other alleged incidents at the Detention Center."

II.   Standard

Motions in limine aim to preclude opposing counsel from "mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or a [jury instruction] cannot overcome its prejudicial influence on the jurors' minds." *Parker v. Tyson Foods, Inc.*, 499 F. Supp. 3d 297, 299 (S.D. Miss. 2020) (quoting *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977)). An order granting a motion in limine "does not preclude the party sponsoring the evidence from revisiting the issue at trial. But

that party must raise the issue outside the jury's presence." *Id.* (quoting *United States v. Beasley*, No. 3:20-CR-36, 2020 WL 6438255, at *1 (S.D. Miss. Nov. 2, 2020)).

III. Analysis

A. Duress

The Government moves to exclude evidence that Anderson acted under duress when he attempted to bring contraband into the Detention Center. It argues Anderson cannot make a prima-facie showing of duress. Anderson responds the motion is premature.

The Government relies on *United States v. Ramirez-Chavez*, 596 F. App'x 290 (5th Cir. 2015) (unpublished). That case held that a defendant was not entitled to a jury instruction because he had not shown sufficient evidence of each element. *Id.* at 293-94. The Government does not move to exclude a jury instruction on duress but instead moves to completely bar Anderson from offering any evidence of duress. The Court does not find it appropriate at this point to decide whether Anderson has a valid duress defense. It accordingly denies the Government's motion, but Anderson will have to present sufficient evidence of duress at trial before the issue may be submitted to the jury. *See id.* at 292 (citations omitted) (noting defendant's burden to provide evidence of each duress element before submitting to jury).

B. Events at the Detention Center

The Government next moves to exclude evidence of other alleged incidents at the Detention Center. The Government argues those incidents are irrelevant. Anderson similarly responds that the motion is premature. He also argues that evidence is relevant because some of those "incidents" occurred in the A-Pod where he worked and where the inmate that allegedly threatened him was housed.

"All relevant evidence is admissible except as otherwise excluded by the Constitution, law, or other rule of evidence." *United States v. Clark*, 577 F.3d 273, 287 (5th Cir. 2009) (internal quotations omitted) (citing Fed. R. Evid. 402). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "In evaluating relevance, the Court's discretion is broad, and the bar is low." *INTL FCStone Fin., Inc.*, No. 6:21-MC-4, 2021 WL 1540528, at *4 (citing *Hicks-Fields v. Harris Cnty., Tex.*, 860 F.3d 803, 809 (5th Cir. 2017)). The Court may exclude relevant evidence if the danger of "unfair prejudice, confusion of issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence" substantially outweighs the evidence's probative value. Fed. R. Evid. 403.

The Government concedes the inmate that allegedly threatened Anderson is housed in the A-Pod of the Detention Center and that Anderson worked there. And other than allege that "evidence of other, unrelated incidents occurring at the Detention Center . . . have no bearing on the elements of the offense or the elements

4

of duress," [39] at 2, it does not explain how those incidents are irrelevant. Other than a conclusory allegation that this evidence's probative value is substantially outweighed by some grounds listed in Rule 403, it also does not explain why the Court should exclude the evidence. And the Government fails to point to any specific incidents it seeks to exclude.

The Court has insufficient information before it to order a blanket exclusion as to "incidents occurring at the Detention Center." The Court denies the Government's motion in that respect as overbroad, vague, and unsupported. *See Kelly v. Patel*, No. 1:20-CV-1291, 2021 WL 2460560, at *2, n.1 (W.D. La. June 16, 2021) (collecting cases and denying motion in limine on similar grounds). The Government may object at trial to references of any incidents it deems irrelevant. *See Montgomery v. CitiMortgage, Inc.*, No. 2:12-CV-7, 2013 WL 3895046, at *6 (S.D. Miss. July 29, 3013) (denying motion as overly broad but permitting later objection at trial).

IV.   Conclusion

The Court has considered all arguments. Those it does not address would not have changed the outcome. For the foregoing reasons, the Court DENIES the Government's Motion in Limine [39].

SO ORDERED, this the 20th day of October, 2022

s/ *Kristi H. Johnson*<br>UNITED STATES DISTRICT JUDGE